716

## GRIFFITH et v GRIFFITH et

Ohio Appeals, 5th Dist, Fairfield Co

No 160.  Decided Oct 7, 1932

LEMERT, J.

This cause comes into this court upon a petition in error from the Court of Common Pleas of Fairfield County, Ohio. There are a number of grounds of error alleged in the petition in error, but the main grounds relied upon both in argument and brief are, First: that the court erred in overruling the motion of plaintiff in error for a new trial, and Second: the court erred in refusing to give the special charges asked for by the plaintiffs in error before argument.

The action in the court below involved a will contest.  Trial was had and some four days were employed in the taking of the testimony and the verdict of the jury returned, finding that the paper writing was not the last will of Simon Griffith.

On the first assignment of error the contention was made that the decedent was of unsound mind and was under duress or that undue influence was exercised so that it was not his will but the will of somebody else.

On the first claimed grounds of error the same amounts to and is equivalent to the verdict of the jury being against the weight of the evidence.  By a careful examination of the record before us we are convinced that there was ample evidence for the jury to find as they did, and that the verdict of the jury was not manifestly against the weight of the evidence.  At the close of the testimony, defendants in error submitted a request for special instructions which was given by the court.  Plaintiffs in error submitted a request for instructions to the jury which plaintiffs in error claim in five special requests.  These requests were submitted as a series and really constitute a request for one special charge in five paragraphs.  It constituted not a request for special instructions, but a request for a special charge of the court to be given before argument to the jury, which special charge the attorney for plaintiffs in error claimed the right to prepare, leaving to the court only an opportunity to read the same to the jury.

**Sec 11447 GC** confers upon parties in civil actions the right to have instructions presented in writing given to the jury before argument upon request, if the same be a correct statement of the law and pertinent to one or more issues in the case.

"The right given to counsel by the provision of §5190, Revised Statutes, to present to the court written instructions on matters of law, and request that they be given to the jury before argument to the jury is commenced, should be exercised reasonably.  The instructons thus requested should be neither excessive in number or length, nor should they be, to an unreasonable degree, repetitions of the same legal proposition.  The giving of instructions which offend against either of these objections is an abuse of discretion, and is error which, when clearly prejudicial, will justify a reversal of a judgment obtained by the party thus asking the instructions."

"In as much as instructions before argument are statutory and of an unusual nature as compared with general instructions the statute should be strictly followed."

"In accordance with the principles stated above, that the privilege of presenting requests for instructions before argument should be exercised in a reasonable manner, and that the instructions requested should not be excessive either in number or in length, it has been stated as one reason for sustaining the refusal to give an instruction before argument, that it was of unreasonable length, or that it contained more than a single proposition of law."

In support of the above:
**22nd Oh Ap, 129**
**30th Oh Ap, 528-534**
**31st Oh Ap, 8**
**7th Ohio Abstract, 436**
**31 OLR, 564.**

Applying these rules to the instant case, the trial court was fully justified in refusing to give this series of requests before argument. The general charge in the instant case is full and complete and correctly states the law.

The jury must have clearly understood the issues.

The only error would be the refusal upon the part of the court to give a correct, pertinent special charge similar in effect to a portion of the general charge.

121 Oh St 371

124 Oh St 672.

The Court of Appeals of Ohio, First District, has held that, "the only logical conclusion is, that where the general charge is full and complete, and the jury understood the issues, it is not reversible error to refuse to give a correct and applicable special charge."

We hold that no special instructions in the proper meaning of the term were presented to the court to be given to the jury before argument, that the instructions presented by counsel for plaintiffs in error do not fall within the definition of instructions as contemplated by §11447-5, now §11420-1 GC.

It therefore follows that the finding and judgment of the court below be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.